19-4103
*Peng v. Garland*

BIA
Christensen, IJ
A208 168 079

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-two.

PRESENT:
　　　　DENNIS JACOBS,
　　　　GUIDO CALABRESI,
　　　　RICHARD J. SULLIVAN,
　　　　　　*Circuit Judges.*
_____

JIAN CHANG PENG,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　　　No. 19-4103
　　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent*.
_____

**FOR PETITIONER:**　　　　Richard Tarzia, Belle Mead, NJ.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Chang Peng, a native and citizen of the People's Republic of China, seeks review of a November 26, 2019 decision of the BIA affirming an April 2, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chang Peng*, No. A208 168 079 (B.I.A. Nov. 26, 2019), *aff'g* No. A208 168 079 (Immig. Ct. N.Y. City Apr. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless[] . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination with respect to Peng's claims that he was persecuted for practicing Christianity in China and that he has a well-founded fear of future persecution were he to return to China.

The agency reasonably relied on inconsistencies between Peng's testimony and his prior written and oral statements, as well as inconsistencies within Peng's testimony. The BIA identified three such instances concerning: (1) whether Peng went home or to his aunt's house after escaping from police on February 10, 2015, (2) where his first church meeting took place, and (3) the date on which police

3

arrested him.  The agency reasonably relied on these inconsistencies and was not required to accept Peng's explanations that he first went home and then to his aunt's house, or that his nervousness caused him to misspeak when he named two different locations for his first church meeting.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (quotation marks omitted).  And while Peng argues that the discrepancy over the date on which he was arrested is too small to be significant, the BIA acknowledged that this discrepancy "is minor when viewed alone," holding only that in the context of the other discrepancies, it bolstered the IJ's adverse credibility determination. Certified Administrative Record at 4; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.  Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 (upholding reliance

4

on even minor inconsistencies where "cumulative effect" is "consequential") (citation omitted).

The agency also reasonably concluded that Peng did not rehabilitate his credibility with reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (discussing the significance of lack of corroboration). The agency afforded minimal weight to letters supporting Peng because the authors were not available for cross-examination and Peng's mother was an interested witness. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to the BIA's decision to afford little weight to letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from relatives and friends did not provide substantial support for claim where authors were "interested witnesses . . . not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). The agency likewise did not err in finding that Peng failed to sufficiently corroborate his claim that he practices Christianity in the United States given that his witness failed to appear, Peng and his counsel offered conflicting reasons for the witness's absence, and Peng failed to produce any other corroborating witnesses from his church even though the church is just a short distance from the immigration court where Peng's

5

proceedings took place.

Accordingly, given the inconsistencies and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This adverse credibility determination is dispositive because all forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).[1]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] Peng also forfeited his Convention Against Torture claim by failing to brief it in this Court. *See, e.g.*, *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).